Steve HUDNALL, Father of Stevie Hudnall, Female Minor
*v.* Carol BALMEZ of the
Arkansas Department of Human Services

95-295                                                                        898 S.W.2d 39

Supreme Court of Arkansas
Opinion delivered May 15, 1995

*Lewis W. Littlepage*, for appellant.

*Breck G. Hopkins*, Arkansas Dep't of Human Services, for appellee.

PER CURIAM. On November 9, 1994, appellant Steve Hudnall timely filed his appeal from the trial court's October 10, 1994 order terminating his parental rights. He also duly designated the entire record and requested he be permitted to continue

in forma pauperis. Hudnall further made a timely request for findings of fact and law and filed a motion for clarification which was denied on November 17, 1994. Hudnall then filed a second notice of appeal on December 2, 1994, and again requested a record be prepared. The trial judge questioned Hudnall's indigency status and strongly disagreed with Hudnall's designating the entire record.

After reviewing Hudnall's status once again, the trial judge, by order dated December 22, 1994, continued to allow Hudnall to proceed as an indigent, but also continued to disagree that Hudnall needed the entire record transcribed for his appeal. In the same order, the judge acknowledged Hudnall had a shortage of time to perfect an appeal but still directed the court reporter to transcribe only certain portions of the record, rather than the entire record as requested by Hudnall. The judge further directed that, if Hudnall desired further portions of the transcript, Hudnall (1) needed to specifically designate and itemize those portions, (2) correlate the legal issue and transcript portion requested, (3) prepare an estimate of costs and (4) file a newly sworn petition and affidavit of indigency.

On January 26, 1995, Hudnall attempted to comply with the judge's December 22, 1994 order by filing another designation, but by order dated February 2, 1995, the judge granted part of Hudnall's new designation of record, and denied other portions, stating that Hudnall could designate it at his own expense. The judge declined to direct his court reporter or Hudnall on how to resolve the financial arrangement between the two in preparing the record; he merely reminded them that a motion for extension may be necessary. The judge then gave the parties until February 17, 1995 to designate any additional portions of the record. The 90-day period to lodge a record from the trial court's first notice of appeal (November 9, 1994) ended on February 7, 1995. Thus, unless the trial judge by his order of February 2nd intended to extend Hudnall additional time past the February 7, 1995 deadline to file a record, Hudnall could never have complied with the judge's order allowing him until February 17, 1995 to designate the record.

In fact, appellee Department of Human Services entered its own designation on February 7, 1995, and on February 10, 1995, Hudnall designated a new designation of portions of the record

denied by the trial judge, and he agreed to pay the costs for the new designation.

In conclusion, the appeal record before us is fraught with confusion and pitfalls concerning if, when or how a record was to be designated in an appeal. Perhaps Hudnall should not have been declared an indigent — but he was. As an indigent, perhaps he was entitled to his designated record entirely without costs — but he was not. The trial judge was actively involved in raising and determining these matters and entered orders, establishing the directives and dates when the events must occur. The judge obviously by his order dated February 2, 1995, extended Hudnall time to perfect his appeal since he permitted Hudnall until February 17, 1995 — ten days after the 90-day period for filing a record had ended — to designate other portions of the record. Because the trial judge acted within the 90-day period in extending Hudnall's time to designate the record, he obviously intended to extend Hudnall's time within which to lodge his record on appeal. Therefore, we grant Hudnall's motion for rule on the clerk.

BROWN, J., would deny.